IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**GEORGE STEWART, JR.**                                                                  **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 5:06cv177-MTP**

**DR. UNKNOWN HERRINGTON, ET AL.**                          **DEFENDANTS**

## OPINION AND ORDER

THIS MATTER is before the court on the Motion for Summary Judgment [34] filed by Defendants Joe Herrington, Corrections Corporation of America ("CCA"), and Sue Burkhalter. The court, having considered the submissions of the parties and the applicable law, finds that the Motion [34] should be GRANTED.

## FACTUAL BACKGROUND

Plaintiff, George Stewart, Jr., proceeding *pro se* and *in forma pauperis*, filed his Complaint [1] pursuant to 42 U.S.C. § 1983 on December 5, 2006. Plaintiff is currently incarcerated at the Mississippi State Penitentiary in Parchman after having been convicted of aggravated assault in Lauderdale County. Through his complaint and amended complaints, and as clarified during his *Spears*[1] hearing, Plaintiff asserted the following claims: 1) that Dr. Joe Herrington denied him adequate medical treatment in violation of the Eighth Amendment; 2) that Nurse Sue Burkhalter wrongly charged him twice for the same medical complaint, when he only actually saw the doctor once, resulting in an overcharge of $6.00; and 3) that CCA has a discriminatory policy of not issuing State boots to black inmates because gang members have

---

[1]*Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Plaintiff's *Spears* hearing occurred on April 2, 2008. The transcript from Plaintiff's *Spears* hearing is cited herein as "Tr. __." *See* Transcript [36].

kicked other inmates with the boots.  *See* Scheduling and Case Management Order [27].  The events in Plaintiff's complaints allegedly occurred while he was incarcerated at the Wilkinson County Correctional Facility ("WCCF").

On June 30, 2008, Defendants filed their Motion for Summary Judgment [34].  Plaintiff failed to file a response in opposition to Defendants' Motion [34], despite an Order [37] directing him to do so.

## STANDARD FOR SUMMARY JUDGMENT

This court may grant summary judgment only if, viewing the facts in a light most favorable to Plaintiff, Defendants demonstrate that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law.  *Woods v. Smith,* 60 F.3d 1161, 1164 (5th Cir. 1995).  If Defendants fail to discharge the burden of showing the absence of a genuine issue concerning any material fact, summary judgment must be denied.  *John v. Louisiana,* 757 F.2d 698, 708 (5th Cir. 1985).  The existence of an issue of material fact is a question of law that this court must decide, and in making that decision, it must "draw inferences most favorable to the party opposing the motion, and take care that no party will be improperly deprived of a trial of disputed factual issues."  *John*, 757 F.2d at 708, 712.

There must, however, be adequate proof in the record showing a real controversy regarding material facts.  "Conclusory allegations," *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 902 (1990), unsubstantiated assertions, *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), or the presence of a "scintilla of evidence," *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994), is not enough to create a real controversy regarding material facts.  "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise

2

properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (emphasis omitted).

## ANALYSIS

Plaintiff's claims are before the court pursuant to 42 U.S.C. § 1983. However, Section 1983 "neither provides a general remedy for the alleged torts of state officials nor opens the federal courthouse doors to relieve the complaints of all who suffer injury at the hands of the state or its officers." *White v. Thomas*, 660 F.2d 680, 683 (5th Cir.1981). Rather, "[i]t affords a remedy only to those who suffer, as a result of state action, deprivation of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *White*, 660 F.2d at 683 (quoting 42 U.S.C. § 1983).

It is well-settled that Section 1983 does not "create supervisory or *respondeat superior* liability." *Oliver v. Scott,* 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any theory of vicarious liability."). "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (citing *Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there

3

is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304.

### Denial of Adequate Medical Care

Plaintiff alleges that Defendant Dr. Herrington denied him adequate medical care in violation of the Eighth Amendment. Specifically, Plaintiff claims that in August of 2006, Dr. Herrington failed to prescribe him boots for cramping in his legs and swelling in his feet, despite his request. (Tr. 8.) Plaintiff alleges that he was issued special boots by a doctor at his previous facility. (Tr. 13.)

"Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. Appx. 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may not be held liable under this standard pursuant to Section 1983 unless the plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 838. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial

harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

A supervisory prison official may only be held liable for the actions of a subordinate if he "'affirmatively participate[s] in acts that cause constitutional deprivation' or 'implement[s] unconstitutional policies that causally result in plaintiff's injury.'" *Johnson v. Scott*, 31 Fed. Appx. 836, 2002 WL 243359, at *1 (5th Cir. Jan. 23, 2002) (quoting *Baker v. Putnal*, 75 F.3d 190, 199 (5th Cir. 1996)).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). A prisoner is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, No. CIVA 403CV141WHBJCS, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

The record reflects that Plaintiff saw Dr. Herrington on August 16, 2006, complaining of head sores and foot pain. *See* Ex. B, 34-3 at 3.[2] Dr. Herrington's notes indicate that Plaintiff "fussed, complained, griped and argued the whole time - would not listen." *Id.* The notes further indicate that Plaintiff requested boots, but Dr. Herrington found "no medical reason why he needs them." *Id.* Plaintiff has failed to establish that Dr. Herrington was deliberately indifferent to a serious medical need. There is no evidence in the record that Plaintiff was exposed to a "substantial risk of serious harm," and that Dr. Herrington was aware of such risk and

---

[2]Plaintiff testified that he was treated for the sores on his scalp and has no complaint with the treatment. (Tr. 13.)

disregarded it. *See Farmer*, 511 U.S. at 838; *see also Hernandez v. Velasquez*, 522 F.3d 556, 561(5th Cir. 2008) (affirming summary judgment in favor of defendants on plaintiff's claim for deliberate indifference, since plaintiff's alleged muscle atrophy, stiffness, loss of range of motion, and depression did not pose a substantial risk of serious harm).  Plaintiff's disagreement with Dr. Herrington's opinion that the boots were not medically necessary simply does not amount to a constitutional violation.  *See Norton*, 122 F.3d at 292; *Guillen v. Stanley*, No. 5:04cv16, 2006 WL 2065571, at *5-6 (E.D. Tex. July 24, 2006) (holding that prisoner's disagreement with medical personnel's opinion that he did not need medical boots did not amount to a constitutional violation); *Thomas v. Herrera*, No. C.A.C-04-619, 2005 WL 3307528, at *6 (S.D. Tex. Dec. 6, 2005) (holding that plaintiff's disagreement with doctor's failure to prescribe him special work boots was not a cognizable constitutional claim; "Indeed, even if plaintiff could establish that orthopedic boots were appropriate, his claim would amount to no more than negligence, which is not actionable").  Accordingly, this claim should be dismissed.

       Deprivation of Property

       Plaintiff alleges that Nurse Sue Burkhalter wrongly charged him twice for the same medical complaint, when he only actually saw the doctor once, resulting in an overcharge of $6.00.  (Tr. 13-15.)

       It is well-established that neither negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available.  *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Numerous Fifth Circuit cases have upheld dismissal of prisoners' suits for property deprivation because of the availability of state law remedies.  *See*, *e.g.*, *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996) (*per curiam*);

*Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See*, *e.g.*, *Masonite Corp. v. Williamson*, 404 So. 2d 565, 567 (Miss. 1981) (conversion); Miss. Code Ann. § 11-38-1 *et seq.* (claim and delivery); Miss. Code Ann. § 11-37-101 *et seq.* (replevin). It is Plaintiff's burden to establish that these post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95 (citations omitted). Plaintiff has failed to allege, must less provide any evidence, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994) (stating that plaintiff could have brought a suit for conversion against defendant in state court). Thus, Plaintiff's remedy lies not in a Section 1983 action, but in a tort claim under state law.

<u>Discriminatory Policy</u>

Plaintiff alleges that CCA has a discriminatory policy of not issuing State boots to black inmates because gang members have kicked other inmates with the boots. (Tr. 15-16.) Plaintiff claims that he is not a gang member, yet is denied boots because of his race due to the actions of black gang members.

The Equal Protection Clause of the Fourteenth Amendment demands that persons similarly situated be treated equally. *Williams v. Bramer*, 180 F.3d 699, 705 (5th Cir. 1999). In order to state a claim under the Equal Protection Clause, Plaintiff must show that a state actor intentionally discriminated against him because of his membership in a protected class. *Williams*, 180 F.3d at 699.

In support of their Motion [34], Defendants submitted the affidavit of Patsy Guin, a CCA employee at WCCF.  *See* Ex. B to Motion [34-3].  Ms. Guin's sworn testimony establishes that there is no policy by CCA at WCCF to disallow boots for black inmates.  Rather, boots are prescribed on the basis of medical need as determined by a medical professional.  *Id.*

Assuming *arguendo* that CCA is a state actor, Plaintiff has failed to establish that CCA intentionally discriminated against him because of his race.  Other than Plaintiff's conclusory allegations, there is no evidence in the record of a CCA policy to only issue boots to white inmates.  *See McKnight v. Eason*, 227 Fed. Appx. 356, 356 (5th Cir. 2007) (holding that plaintiff's conclusory allegations of racial discrimination at prison were insufficient to state a cognizable equal protection claim).  Indeed, Plaintiff failed to even respond to Defendants' Motion for Summary Judgment.  Accordingly, Plaintiff's discrimination claim against CCA should be dismissed.  *See Gooden v. Crain*, 255 Fed. Appx. 858, 861 (5th Cir. 2007) (affirming dismissal of plaintiff's equal protection claim because plaintiff failed to show that prison grooming policy was enacted specifically to allow only black prisoners to have beards).

## CONCLUSION

For the reasons stated above, the court finds that Defendants' Motion for Summary Judgment [34] is GRANTED, and this action is hereby dismissed with prejudice.

A separate judgment in accordance with Federal Rule of Civil Procedure 58 will be filed herein.

SO ORDERED this the 12th day of August, 2008.

s/ Michael T. Parker  
United States Magistrate Judge
