IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

GEORGE STEWART, JR.                                                                          PLAINTIFF

V.                                                                     CIVIL ACTION NO. 5:06cv177-MTP

DR. UNKNOWN HERRINGTON, ET AL.                                                    DEFENDANTS

## OPINION AND ORDER

THIS MATTER is before the court *sua sponte* for reconsideration of its Opinion and Order [38] granting the Motion for Summary Judgment [34] filed by Defendants Joe Herrington, Corrections Corporation of America ("CCA"), and Sue Burkhalter, in light of the Response [40] filed by Plaintiff on August 13, 2008.

On June 30, 2008, Defendants filed their Motion for Summary Judgment [34]. The deadline for Plaintiff to respond to the Motion [34] passed on July 18, 2008. *See* Fed. R. Civ. P. 6; Local Rule 7.2(D). On July 21, 2008, the court entered an Order [37] affording the Plaintiff another opportunity to respond to the Motion [34], and directing him to file his response by August 4, 2008. The court advised Plaintiff that if he failed to file a response by August 4, 2008, the court would consider the Motion [34] without a response.

Because Plaintiff failed to respond to the Motion [34] by August 4, 2008, pursuant to the court's Order [37], the court considered the Motion [34] without a response. On August 12, 2008, over a week after the deadline set by the court for Plaintiff to respond to the Motion, the court entered its Opinion and Order [38] granting Defendants' Motion for Summary Judgment [34] and dismissing Plaintiff's claims with prejudice. The court entered a Final Judgment [39] that same day.

On August 13, 2008, Plaintiff filed his Response [40] in opposition to the Motion [34]. However, because Plaintiff's Response [40] was dated August 4, 2008, the court will reconsider its Opinion and Order [38] pursuant to the mailbox rule.[1]

Plaintiff's allegations are set forth in detail in the court's Opinion and Order [38] entered on August 12, 2008, and are adopted herein by reference.  Likewise, the standard for summary judgment is set forth in the court's previous Opinion and Order [38].  Accordingly, the court will only address Plaintiff's claims in light of the facts and arguments raised in his Response [40].

Denial of Adequate Medical Care

In his Response [40], Plaintiff merely states that Dr. Herrington should have been prescribed him special boots for cramping in his legs and swelling in his feet because two doctors at previous facilities had prescribed them.  Plaintiff's disagreement with Dr. Herrington's opinion that the boots were not medically necessary simply does not amount to a constitutional violation. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001); *Guillen v. Stanley*, No. 5:04cv16, 2006 WL 2065571, at *5-6 (E.D. Tex. July 24, 2006) (holding that prisoner's disagreement with medical personnel's opinion that he did not need medical boots did not amount to a constitutional violation); *Thomas v. Herrera*, No. C.A.C-04-619, 2005 WL 3307528, at *6 (S.D. Tex. Dec. 6, 2005) (holding that plaintiff's disagreement with doctor's failure to prescribe him special work boots was not a cognizable constitutional claim; "Indeed, even if plaintiff could establish that orthopedic boots were appropriate, his claim would amount to no more than

---

[1]*See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (stating that a prisoner's pleading is filed when it is delivered to the prison official for mailing pursuant to the mailbox rule); *Nelson v. Cauley*, No. 3:04cv828-G, 2005 WL 221349, at *2 (N.D. Tex. Jan. 27, 2005) ("The mailbox rule generally applies to all prisoner district court filings.").

negligence, which is not actionable"). Plaintiff's Response fails to raise a genuine issue of material fact as to his claim for deliberate indifference. Accordingly, Plaintiff's claim was properly dismissed for the reasons stated herein and in the court's Opinion and Order [38].

Deprivation of Property

Plaintiff's Response [40] fails to raise a genuine issue of material fact as to this claim. Plaintiff merely states that Patsy Guin[2] did not have personal knowledge of the claims in his complaint and disputes her affidavit submitted by Defendants. The court dismissed this claim on grounds unrelated to Patsy Guin's affidavit. Accordingly, Plaintiff's property deprivation claim was properly dismissed for the reasons stated in the court's Opinion and Order [38].

Discriminatory Policy

Plaintiff's Response [40] fails to raise a genuine issue of material fact as to his discrimination claim. Plaintiff merely states that Patsy Guin did not have personal knowledge of the claims in his complaint and disputes her affidavit submitted by Defendants since she allegedly did not hold her current position at the time of the events alleged in the Complaint. Ms. Guin's affidavit reflects her sworn testimony as to CCA's policy for distributing boots, and the grounds for the denial of Plaintiff's request for boots based on her review of Plaintiff's medical records. *See* Ex. B to Motion [34-3]. Other than Plaintiff's conclusory allegations, there is no evidence in the record of a CCA policy to only issue boots to white inmates. *See McKnight v. Eason*, 227 Fed. Appx. 356, 356 (5th Cir. 2007) (holding that plaintiff's conclusory allegations of racial discrimination at prison were insufficient to state a cognizable equal protection claim).

---

[2]In support of their Motion [34], Defendants submitted the affidavit of Patsy Guin, a CCA employee at Wilkinson County Correctional Facility. *See* Ex. B to Motion [34-3].

Accordingly, Plaintiff's discrimination claim was properly dismissed for the reasons stated herein and in the court's Opinion and Order [38].

## CONCLUSION

For the reasons stated above, upon consideration of the Plaintiff's Response [40], the court finds that Defendants' Motion for Summary Judgment [34] was properly GRANTED, and this action was properly dismissed.

SO ORDERED this the 14th day of August, 2008.

s/ Michael T. Parker
United States Magistrate Judge
